MARK A. CAMPBELL (SB# 93595)
JESSICA B. COFFIELD (SB# 274122)
**MURPHY, CAMPBELL, ALLISTON & QUINN**
8801 Folsom Boulevard, Suite 230
Sacramento, CA 95826

Telephone: (916) 400-2300
Fax: (916) 400-2311
Mcampbell@murphycampbell.com
jcoffield@murphycampbell.com

Attorneys for PROGRESSIVE MARKETING, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE MARKETING, Inc.<br><br>Plaintiff,<br><br>vs.<br><br>SPROPARTS llc, NUOVA RICAMBI Srl, and LA MARZOCCO USA, LLC<br><br>Defendants.<br><br>NUOVA RICAMBI S.R.L. and MARCELLO ZANESI<br><br>Counterclaimants,<br><br>v.<br><br>PROGRESSIVE MARKETING, INC.<br><br>Counterclaim-Defendant. | Case No. 2:17-cv-02644-JAM-DB<br><br>**JOINT STATUS REPORT**<br><br><br><br><br><br><br><br><br><br>*Assigned for All Purposes to the Honorable John A. Mendez*<br><br>Complaint Filed: December 18, 2017<br>Trial Date: None Set |

Plaintiff and Counterclaim Defendant, PROGRESSIVE MARKETING, INC. ("Progressive") and Defendants SPROPARTS, LLC ("Sproparts"), Defendant LA MARZOCCO USA, LLC ("La Marzocco"), and Defendant and Counterclaimant NUOVA RICAMBI SRL ("Nuova"), by and through their counsel of record, Murphy, Campbell, Alliston & Quinn for the Plaintiff Progressive, Millstone, Peterson & Watts for the Defendant Sproparts and La Marzocco, and Fox Rothschild, LLP for the Defendant Nuova and Counterclaim

- 1 -

Plaintiff Marcello Zanesi, hereby submit their joint status report pursuant to this Court's order dated December 19, 2017.

## A. NATURE OF THE CASE

### *(1) Plaintiff's Statement*

Progressive sues to enforce its rights in the trademark "Nuova Ricambi USA" which it owns by virtue of a 1998 "Agreement for Purchase and Sale of Assets," nearly 20 years of use, and USPTO registration. The Plaintiff uses the trademark to market and sell replacement parts and accessories for espresso coffee machines.

In 1998, at the time of the contract, Nuova was engaged in the business of distributing replacement parts and accessories for espresso coffee machines in Europe. Both Progressive and Nuova manufacture only a small percentage of the parts and accessories they sell.

Marcelino Zanesi was a founder of Nuova with controlling ownership interest. In 1995, Nuova attempted to expand its business in the United States by sending Marcelino Zanesi's son, Marcello Zanesi, to California where he and Silvano Meconi conducted Nuova's business through Nuova Ricambi USA, LLC, a California limited liability company ("the LLC"). In 1998, Nuova decided to close its American business, looked for buyers, and ultimately agreed to sell certain enumerated assets, including its trademark and goodwill, to the Plaintiff, Progressive. Marcello Zanesi promptly returned to Italy to work for the family business there.

At the same time they negotiated and signed the Asset Sale Agreement, the parties wrote and signed an exclusive Distribution Agreement which provided Nuova would not continue to distribute espresso machine parts in the United States. Nuova reserved the right to supply directly from Italy, La Marzocco International, a manufacturer of the special machines, and Armando Espresso who only filled orders for single part from Starbucks.

Sixteen years after Progressive bought and began using the Trademark, the Defendant Nuova, and the Defendant La Marzocco USA, LLC, agreed to set up a third entity, the Defendant Sproparts, and all three joined together for the purpose of making wrongful use of

Murphy, Campbell, Alliston & Quinn

the Trademark, and the benefit of Progressive's hard work and greatly expanded goodwill, to their advantage, in direct competition with Progressive.

Marcelino Zanesi was, by the time, deceased, and Marcello and his son Marcello in firm control of Nuova. He terminated the Distribution Agreement and claims in this action that he misunderstood the 1998 Asset Sale Agreement and never intended to sell the trademark rights to Progressive. He also contends, in the Counterclaim, that Progressive has infringed upon Nuova's claimed copyright in certain marketing materials.

### *(2) Defendant's Statement*

Defendants dispute many of the facts Plaintiff asserts above.  This is a Lanham Act case. Nuova Ricambi S.r.l. and its predecessors-in-interest ("Nuova Ricambi") have been manufacturing, distributing, and selling coffee machine parts and other related accessories since 1980, including in the United States. In 1995, Marcello Zanesi and Silvano Mecani formed Nuova Ricambi USA LLC (the "LLC"). In 1998, Zanesi and Mecani sold the assets of the LLC to Progressive Marketing, Inc. (the "1998 Asset Sale Agreement") and, simultaneously, Nuova Ricambi entered into a distribution agreement (the "1998 Distribution Agreement") allowing Progressive Marketing to distribute Nuova Ricambi supplied parts in the United States. The two agreements functioned to license the use of the tradename "Nuova Ricambi USA" to Progressive Marketing for the duration of the distribution agreement.

Progressive Marketing's conduct from the time of the sale was consistent with the above, until Progressive Marketing filed a U.S. trademark application in 2000, without Nuova Ricambi's knowledge or permission. Perhaps believing it did not have the rights to the trademark, Progressive Marketing did not file a statement of use following registration, and this first registration became abandoned. Progressive Marketing filed a second trademark application in 2010, which issued as 36. Registration No. 3,873,210 (the "'210 Registration").

Following termination of the distribution agreement, Progressive Marketing continues to use the name "Nuova Ricambi USA" and continues to present itself as affiliated with Nuova Ricambi. Because Progressive Marketing misrepresents the source of the goods it currently sells under the '210 Registration and because the '210 Registration was obtained by fraud,

Nuova Ricambi seeks cancellation of the '210 Registration. Nuova Ricambi also asserts claims of false association and false advertising under the Lanham Act. Nuova Ricambi also presents a number of other causes of action, including invalidity of Progressive Marketing's copyright registrations, copyright infringement, state law unfair competition claims, and breach of contract claims related to the 1998 Distribution Agreement. Marcello Zanesi also seeks breach of contract and rescission claims related to the 1998 Asset Sale Agreement.

**B.   PROGRESS IN THE SERVICE OF PROCESS**

Service of process is complete.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

No additional parties are contemplated at this time.

**D.   ANY EXPECTED OR DESIRED AMENDMENT OF PLEADINGS**

There are no proposed amendments at this time.

**E.   JURISDICTION AND VENUE**

Not contested per the pleadings of the parties.

**F.   CONTESTED MOTIONS AND THE SCHEDULING OF MOTIONS**

The parties anticipate cross-Motions for Summary Judgment, or Partial Summary Judgment. Plaintiff may bring a Motion for a Preliminary Injunction. The parties agree that the last day for filing Motions for Summary Judgment should follow the completion of expert witness discovery as described in G(4) below.

**G.   ANTICIPATED DISCOVERY AND THE SCHEDULING OF DISCOVERY**

*(1) What changes, if any, should be made in the timing, form or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.*

The parties agree that the vast majority of the information needed to estimate or calculate damages lies in the hands of the parties opposing the damage claims and the parties will rely upon experts' analysis of the opposing party's data in order to do their work, therefore the parties agree it is premature to make any disclosure on damages until expert discovery. The parties also agree the date for the remaining disclosures required under Rule 26(a) should be lengthened from 14 to 45 days in this case because of the need to meet and confer

concerning the appropriate format for disclosure of electronically stored information, and its relative accessibility, the fact that the records of four companies are involved, and the fact that Defendant Nuova's records are in Italy, and presumably in Italian.

### (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

Discovery needs to be conducted on liability and damages, and defenses under the Lanham Act and state causes of action. Discovery into the intent of the parties in entering into the 1998 written agreements will be the focus of much discovery.

Given the fact that there are likely to be some witnesses in Italy, depositions may need to be taken in conformity with the Hague Convention rules. In addition, documents in Italian must be translated. The parties agree that the reality is that these circumstances will require a year to complete discovery, June 14, 2019.

### (3) What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitation, if any, should be imposed.

Plaintiff contends that given the events which are the subject of the Complaint and Counterclaims span 20 years and multiple issues running from the circumstances surrounding the 1998 written agreements, the evolution of the parties' respective marketing materials, both internet-based and otherwise, and the expectation that Marcello Zanesi's deposition will be conducted with a translator, the seven-hour limit on his deposition and the deposition of Gene Lemos, the CEO of Progressive, should not be limited to seven hours, but extended to 12 hours. The Defendants do not agree that any change from the statutory limitation in required.

### (4) The timing of the discovery of expert witnesses, and information required by Rule 26(a)(2)

The parties agree on the following schedule: Discovery cutoff June 14, 2019. Initial disclosure of expert witnesses and information should be required within 30 days of the general discovery cutoff; 30 days later the deadline for disclosure of rebuttal expert witnesses and information.

///

**H.    FUTURE PROCEEDINGS, INCLUDING SETTING APPROPRIATE CUTOFF DATES FOR DISCOVERY, LAW AND MOTION, AND THE SCHEDULING OF PRE-TRIAL AND TRIAL**

Expert discovery should be completed 30 days after the disclosure of rebuttal experts. The last day to file Motions for Summary Judgment or Partial Summary Judgment should be 30 days after the close of expert discovery

The parties request that the Court defer scheduling a trial date until after ruling on the Motions for Summary Judgment.

**I.    APPROPRIATENESS OF SPECIAL PROCEDURES**

As mentioned above, the potential for foreign depositions would require compliance with the Hague Convention. Many witnesses may require translators for trial and depositions, and translation will be required for documents. The parties agree to meet and confer and attempt to select a single translation service for these purposes.

**J.    ESTIMATE OF TRIAL TIME**

10 days.

**K.    MODIFICATION OF STANDARD PRE-TRIAL PROCEDURES SPECIFIED BY THE RULES DUE TO THE RELATIVE SIMPLICITY OR COMPLEXITY OF THE ACTION OR PROCEEDINGS**

None.

**L.    WHETHER THE CASE IS RELATED TO ANY OTHER CASE, INCLUDING ANY MATTERS IN BANKRUPTCY**

No.

**M.    WHETHER A SETTLEMENT CONFERENCE SHOULD BE SCHEDULED**

The parties have conferred and agreed that the Voluntary Dispute Resolution Program is not appropriate to this case and would not be beneficial. However, they do agree to private mediation before discovery closes.

///

///

///

///

**N.   ANY OTHER MATTERS THAT MAY ADD TO THE JUST AND EXPEDITIOUS DISPOSITION OF THIS MATTER**

None.

DATED:  June 15, 2018                    MURPHY, CAMPBELL, ALLISTON & QUINN

                                         By:  */s/ Mark A. Campbell*
                                              MARK A. CAMPBELL
                                              JESSICA B. COFFIELD
                                              Attorneys for Plaintiff
                                              PROGRESSIVE MARKETING, INC.

DATED:  June 15, 2018                    FOX ROTHSCHILD LLP

                                         By:  */s/ John J. Shaeffer*
                                              JOHN J. SHAEFFER
                                              Attorneys for Defendant
                                              NUOVA RICAMBI S.R.L.

DATED:  June 15, 2018                    MILLSTONE PETERSON & WATTS, LLP

                                         By:  */s/ Glenn W. Peterson*
                                              GLENN W. PETERSON
                                              RICHARD M. WATTS, JR.
                                              Attorneys for Defendants
                                              SPROPARTS LLC and
                                              LA MARZOCCO USA, LLC