GLENN W. PETERSON, ESQ. (SBN 126173)
**PETERSON WATTS LAW GROUP, LLP**
2267 Lava Ridge Court, Suite 210
Roseville, CA 95661
Telephone No: (916) 780-8222
Fax No: (916) 780-8775

Attorneys for Defendants
La Marzocco USA, LLC and Sproparts, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PROGRESSIVE MARKETING, INC.,

PLAINTIFFS,

V.

SPROPARTS LLC, NUOVA RICAMBI SRL, AND LA MARZOCCO USA, LLC,

DEFENDANTS.

No. 2:17-cv-02644 JAM DB

**STIPULATED PROTECTIVE ORDER**

Plaintiff Progressive Marketing, Inc. (“Progressive”) and Defendants Sproparts, LLC, and La Marzocco USA, LLC (collectively “Defendants”) jointly stipulate to entry by the Court of a Protective Order as set forth below pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

Based on the stipulation of the Plaintiff and Defendants (individually a “party” and collectively the “parties”) to entry of the following Protective Order pursuant to Rule 26(c), Federal Rule of Civil Procedure (“the Order”), and for good cause shown,

IT IS HEREBY ORDERED THAT:

1. Any document, or portion thereof, and any other form of evidence or discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good faith opinion of a party contains any trade secret or other confidential development or commercial

information ("Confidential Information"), may be designated by the parties as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the provisions of this Protective Order.

2. As a general guideline, Confidential Information should be designated CONFIDENTIAL when it contains confidential business, technical or other information that may be reviewed by the other party, the parties' experts, and other representatives, but must be protected against disclosure to third parties. Confidential Information may be designated ATTORNEYS EYES ONLY when it contains highly sensitive information such as financial information, cost information, pricing information, sales information, customer license, customer, manufacturer, supplier, and vendor information, software and firmware for a party's products, technical and development information about a party's products, comparative product test results, business plans, marketing strategies, new product plans and competitive strategies, or any other information that would put the producing party at a competitive disadvantage if the information became known to employees of the other party or third parties. Confidential Information shall be clearly marked, noticed or designated "CONFIDENTIAL." ATTORNEYS' EYES ONLY information shall be clearly marked, noticed or designated as "ATTORNEYS' EYES ONLY."

3. Confidential Information must be designated as follows:

(a) Documents or copies provided to another party in response to discovery requests containing Confidential Information may be designated by any party as either CONFIDENTIAL or ATTORNEYS' EYES ONLY by marking the page or the pages on which the Confidential Information appears with the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

(b) In lieu of marking the original of a document which contains Confidential Information prior to inspection, a party may orally designate documents being produced for inspection as CONFIDENTIAL or ATTORNEYS' EYES ONLY thereby making them subject to this Protective Order. However, copies of such documents ultimately produced must be marked CONFIDENTIAL or ATTORNEYS' EYES ONLY at the time any such documents are supplied to inspecting counsel in order to make such copies subject to this Protective Order.

(c) Parties shall give advanced notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are

present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Confidential Information disclosed at a deposition, whether by testimony or use of a document or thing, may be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by clearly indicating on the record at the deposition the specific testimony containing Confidential Information that is to be made subject to the provisions of this Protective Order. If on the record during the deposition or by written notice to all parties on or before the next business day a party invokes its right to later designate, such party shall have fourteen (14) days from the receipt of the transcript of such deposition to designate documents, things, or information not designated on the record of the deposition as CONFIDENTIAL or ATTORNEYS' EYES ONLY of. During that fourteen (14) day period, the deposition transcript, and any documents, things, and information shall be treated as ATTORNEYS' EYES ONLY. If a designation is made, each party shall attach a copy of any such written notification to the face of the deposition transcript and each copy thereof in its possession, custody or control.

(d) Confidential Information contained in responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, may be designated by prominently marking every page of such documents containing Confidential Information with the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY. Copies of such items filed with the Court shall be maintained under seal pursuant to the provisions of Section 11 hereof.

(e) Tangible objects constituting or containing Confidential Information may be designated by affixing to the object or its container a label or tag marked CONFIDENTIAL or ATTORNEYS' EYES ONLY.

(f) Notwithstanding any other provisions of the Protective Order, any party may designate as CONFIDENTIAL or ATTORNEYS' EYES ONLY any testimony of and/or documents produced by that party's agent, sales representative, or technical or business consultant, and such testimony or documents shall be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY subject to being contested pursuant to paragraph 7 herein.

(g) Should any person or entity with access to documents, things or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY make copies, extracts, summaries, descriptions, projections and/or extrapolations of or from the documents, things or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY or any portions thereof, such copies, extracts, summaries, descriptions, projections and/or extrapolations shall be stamped CONFIDENTIAL or ATTORNEYS' EYES ONLY consistent with the original information and treated as Confidential Information pursuant to the provisions of this Protective Order.

4. Confidential Information designated ATTORNEYS' EYES ONLY shall, unless otherwise ordered by the Court or agreed to by the parties, only be disclosed to and made available to the following:

(a) The receiving party's outside counsel of record in this action and employees of such attorneys to whom it is reasonably necessary that the material be shown for purposes of this litigation;

(b) Outside court reporters and their staff, professional jury or trial consultants and professional vendors to who disclosure is reasonably necessary, and who have signed the Agreement to be Bound (Exhibit A); and videographers receiving or transcribing the documents, things or information in connection with official reporting (for example, at a deposition or a hearing);

(c) The Court and its personnel;

(d) The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information; and

(e) Experts retained by the receiving party's outside counsel of record for purposes of this litigation who have signed the Agreement to be Bound (Exhibit A), but only after receiving permission from the designating party following a written request to the designator that (1) identifies the general categories of ATTORNEY EYES ONLY information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume,

(4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report or testimony at deposition or trial, in the past five years**.**

5. Confidential Information designated CONFIDENTIAL shall, unless otherwise ordered by the Court or by the agreement of the parties, only be disclosed to and made available to the following:

(a) The persons identified in Subsections 4(a), 4(b), 4(c), and 4(d);

(b) The parties (i.e. employees of the corporate parties) to whom disclosure is reasonably necessary;

(c) Witnesses who are expected to testify in court or in a deposition who have signed the Agreement to be Bound (Exhibit A)

(d) Experts retained by the receiving party's outside counsel of record together with their clerical or support personnel to whom disclosure is reasonably necessary, and , and who have signed the Agreement to be Bound (Exhibit A).

6. A willful violation of any material term of this Protective Order by any such individual may be punishable as contempt of court.

7. If the party to whom CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information has been produced believes that any of the documents, things or information has been improperly designated, the receiving party may at any time request the party which made the designation to cancel the designation with respect to any documents, things or information and to agree that thereafter such document, thing or information will no longer be subject to certain or all of the provisions of this Protective Order. Such request shall be in writing and shall particularly identify the information that is contested, including the reasons supporting the contentions. If the party which produced the documents, things, or information objects to the requested declassification, it must, within two weeks of its receipt of the request to declassify or such other

time as the parties may mutually agree, file and serve a motion for a protective order supporting its classification. The party claiming the higher designation of protection shall have the burden of establishing the status of the particular document, thing, or information. If no such motion is timely filed, the party objecting to the designation shall be entitled to treat the documents and/or information in accordance with the written request of such party. If the producing party files such a motion, the document or information at issue will continue to be entitled to the protections accorded by this Stipulated Protective Order pursuant to their original designation until and unless the Court rules otherwise.

8. No copies of documents, things or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be received, kept, or maintained by persons other than those authorized to do so under this Protective Order.

9. When a party gives notice to another party that, during an oral deposition, CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information are expected to be produced, used or discussed during the deposition, then only persons authorized to receive such information pursuant to this Protective Order will be allowed to attend that portion of the deposition on behalf of the receiving party.

10. To the extent it is necessary to file with the Court any material containing or materially referring to any CONFIDENTIAL or ATTORNEYS' EYES ONLY document(s), thing(s), or information, the parties shall file such documents under seal.

11. Each party's production of any document(s), thing(s), or information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be solely for purposes of and use in this action, and those documents, things and information shall not be used for any other purpose. If any such document(s), thing(s), or information properly becomes a matter of public record without an order of Court causing the same to be retained under seal or retained in an otherwise confidential manner, then the parties will have the same rights to utilize the document, things, or information as the public at large under the First Amendment.

12. Within one hundred twenty (120) days after the conclusion of this action and any appeal taken here from, all documents, things, and other materials produced or designated as

containing Confidential Information, and all reproductions thereof, shall be returned to the party who produced them except that counsel for each party may retain one entire set of pleadings and depositions (including exhibits) in this case. Any party may, at their option, destroy annotated copies or summaries of Confidential Information in lieu of returning those copies and summaries to the producing party.

13. If another court or an administrative agency subpoenas or orders production of stamped confidential documents that a party has obtained under the terms of this Protective Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order in sufficient time to allow for the designating party to seek a protective order.

14. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item, or the information contained therein, so designated except pursuant to the provisions of this Protective Order.

15. Persons obtaining access to stamped confidential documents under this Protective Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings.

16. The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of stamped confidential documents.

17. The disclosure of Confidential Information under the terms of the Protective Order shall not constitute a waiver of confidentiality for the documents and things so designated. Specifically:

(a) Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b) The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not, standing alone, waive protections of the Order. Upon timely assertion or correction of a designation, all recipients must make reasonable effort to ensure that the material is treated according to the Order.

18. Notwithstanding the termination of this action, persons who have had access to CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, things or information shall remain subject to the terms of this Protective Order.

19. This Protective Order may be modified by written agreement of the parties or by further order of the Court. Each party shall also have the right to petition the Court to modify this Protective Order or for additional protection under Fed.R.Civ.P. 26(c).

20. The terms of this Protective Order are applicable to Confidential Information produced by a non-party, such non-party may designate Confidential Information produced by it in connection with this litigation, and the Confidential Information is protected by the remedies and relief provided by the Protective Order. Moreover, if either party believes that the records to be provided by a non-party contains CONFIDENTIAL or ATTORNEYS' EYES ONLY documents, the party asserting the confidentiality protection can designate the documents as such on behalf of the third party and/or in addition to the third party designation by advising the party that issued the third party subpoena within 14 days of the service of the deposition notice and/or subpoena on the party alleging the confidentiality protection. If such designation is made all records to be produced by a third party shall be designated as ATTORNEYS' EYES ONLY until they are declassified as provided in this Protective Order.

/ / /

/ / /

/ / /

/ / /

21. This Protective Order is not intended to expand the right of the parties hereto to demand privileged information that is not relevant to these proceedings or to otherwise expand the scope of discovery under Rule 26 of the Federal Rules of Civil Procedure.

Agreed to and Accepted by:

DATED: February 8, 2019

**MURPHY, CAMPBELL, ALLISTON & QUINN**

By: ______ _/s/ Mark A. Campbell _________
MARK A. CAMPBELL
(Approved on February 8, 2019)

Attorneys for Plaintiff,
Progressive Marketing, Inc.

DATED: February 7, 2019

**FOX FOTHSCHILD LLP**

By: ______ _/s/ John J. Shaeffer_________
JOHN J. SHAEFFER
(Approved on February 7, 2019)

Attorneys for Counterclaimants,
Nuova Ricambi S.R.L. and Marcello Zanesi

DATED: February 6, 2019

**PETERSON WATTS LAW GROUP, LLP**

By: _________/s/ Glenn W. Peterson _________
GLENN W. PETERSON

Attorneys for Defendants,
La Marzocco USA, LLC and Sproparts, LLC

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated: February 25, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\progressive2644.stip.prot.ord

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROGRESSIVE MARKETING, INC.,<br><br>PLAINTIFFS,<br><br>V.<br><br>SPROPARTS LLC, NUOVA RICAMBI SRL, AND LA MARZOCCO USA, LLC,<br><br>DEFENDANTS. | **CASE NO. 2:17-cv-02644-jam-db**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:<br>Trial Date: |

This is to certify that I have read and understand the Stipulated Protective Order (the "Order") entered in the above-captioned action and agree: (a) to be bound by the terms and conditions set forth in the Order; (b) not to reveal to anyone, other than another persons listed in Section 6 of the Order, any documents, things or information designated under the Order as "Confidential"; (c) not to reveal to anyone, other than another persons identified in Section 5 of the Order, any documents, things or information designated under the Order as "ATTORNEYS' EYES ONLY" and (d) to utilize such documents, things and information solely for purposes of and in connection with the above-captioned action. In addition, I hereby consent to the jurisdiction of the above-identified Court for purposes of enforcing the Order. I agree that a willful violation of any material term of the Order may be punishable as contempt of court.

Dated: _______________

___________________________
Signature

___________________________
Printed Name